UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ATHEER GEORGE SESI,

       Plaintiff,                     CIVIL ACTION NO. 10-12966

  v.                                 DISTRICT JUDGE DAVID M. LAWSON

FEDERAL NATIONAL MORTGAGE    MAGISTRATE JUDGE VIRGINIA M. MORGAN
ASSOCIATION, CHASE HOME
FINANCE LLC, and CHASE
MANHATTAN MORTGAGE CORPORATION,

       Defendants.
_____/

## REPORT AND RECOMMENDATION TO
## GRANT DEFENDANTS' MOTION TO DISMISS (D/E #4)

### I. Introduction

       This matter comes before the court on defendants Federal National Mortgage Association ("Fannie Mae") and Chase Home Finance LLC's Motion to Dismiss (D/E #4). Plaintiff filed a response in opposition to that motion (D/E #6) and defendants filed a reply to that response (D/E #11) For the reasons stated below, this court recommends that defendants' motion to dismiss be **GRANTED** and that this case be closed.

### II. Background

       Plaintiff originally filed this action against defendants in state court. (Summons and Verified Complaint; attached as Exhibit 1 to Defendants' Notice of Removal). It appears that

-1-

plaintiff resides in the home of his deceased parents. The property was subject to a mortgage which had a balance remaining at the time his parents died. Plaintiff was not a party to the mortgage. After his parents' death, foreclosure proceedings were undertaken. In his complaint, plaintiff alleges that he is the owner of property at 24741 Seneca Street, Oak Park, Michigan 48237, and defendants are unlawfully trying to evict him from that property. Specifically, plaintiff appears to allege (1) defendants do not have standing under Michigan law to bring foreclosure proceedings against plaintiff; (2) a missing statement in violation of 15 U.S.C. § 1639; (3) a missing disclosure statement in violation of 15 U.S.C. § 1638; (4) a missing disclosure in violation of 12 C.F.R. § 226; (5) deceptive grouping in violation of 12 C.F.R. § 226.17(a); (6) missing consumer statements in violation of 12 C.F.R. § 226.18; (7) defendants failed to disclose calculation of mortgage balance pursuant to 2 C.F.R. § 226.4; (8) defendants failed to disclose date in violation of 12 C.F.R. § 226.18; (9) defendants failed to obtain signed documents in violation of 15 U.S.C. §1601 T Seq and Title 12, Regulation Z, Part 226 *et seq*; (10) defendants failed to disclose use of settlement fees in violation of Title 12 Regulation Z and 15 U.S.C. §1601 *et seq*; (11) defendants' failed to give proper notice of default and right to cure and acceleration notice in violation of 12 U.S.C. § 2601 *et seq*, 15 U.S.C. § 1604 *et seq* and Title 12 C.F.R. § 226.18; and (12) an improper mortgage foreclosure. Plaintiff seeks both injunctive relief and monetary damages.

On July 27, 2010, defendants removed this action to federal court on the basis of both federal question and diversity jurisdiction (D/E #1).

On August 3, 2010, defendants filed the motion to dismiss pending before the court (D/E #4). In that motion, defendants argue that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because plaintiff lacked standing to bring his claims as he was not a party to the mortgage in question. Defendants also asserted that plaintiff was not a real party in interest.

Plaintiff filed a response in opposition to defendants' motion (D/E #6). In that response, plaintiff argues that he has standing and is a real party in interest because he became the owner of the property in question after his parents' death.

Defendants filed a reply to plaintiff's response (D/E #11). In that reply brief, defendants again argue that plaintiff lacks standing to bring his claims and that he is not a real party in interest. Additionally, defendants assert a state court has already issued a judgment denying plaintiff's claims and, consequently, plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

### III. Standard of Review

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. A complaint must set forth a basis to conclude that subject matter jurisdiction exists. In this regard, Fed. R. Civ. P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir.1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se*

litigants. Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989). A court "should not have to guess at the nature of the claim asserted." Id.

Furthermore, where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "[A] district court may, at any time, sua sponte, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). See also Higgins v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**IV. Discussion**

As discussed above, defendants argue that plaintiff's complaint should be dismissed on the grounds that plaintiff lacks standing to bring his claims and plaintiff's claims are barred by a state court judgment. This court agrees with defendants on both of those arguments.

### A. Standing

With respect to standing, the United States Supreme Court has noted that standing is "the threshold question in every federal case." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343(1975). Moreover, any inquiry into a litigant's standing to bring suit involves

examination of both constitutional limitations and prudential restrictions. As the Sixth Circuit has explained:

> To satisfy Article III's standing requirement, a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be "fairly traceable" to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury... .
>
> In addition ..., a plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Second, a plaintiff's claim must be more than a "generalized grievance" that is pervasively shared by a large class of citizens. Third, in statutory cases, the plaintiff's claim must fall within the "zone of interests" regulated by the statute in question.

[Coyne v. American Tobacco Co., 183 F.3d 488, 494 (6th Cir. 1999) (citations omitted).] Thus, "as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." Pestrak v. Ohio Elections Comm'n, 926 F.2d 573, 576 (6th Cir. 1991). This is in keeping with well-established doctrine that to obtain standing, a plaintiff must have a redressable injury at the time of the filing of the complaint. Morrison v. Board of Educ. of Boyd County, 521 F.3d 602, 622 (6th Cir. 2008).

In this case, the bulk of plaintiff's claims arise from the mortgage his parents signed. However, plaintiff was not a party to that mortgage and therefore cannot assert any claims against it. See, *e.g.*, King v. IB Property Holdings Acquisition, 635 F.Supp.2d 651 (E.D. Mich. 2009) (Rosen, C.J.) (in a case challenging a foreclosure, the district court held that plaintiff lacked standing to assert claim under Fair Debt Collection Practice Act on behalf of his father

because plaintiff was not a party to the mortgage and had no obligation to pay the debt); Shnell v. Washington Mut. Bank, No. 09-216, 2009 WL 4646908 (E.D. Mich. December 8, 2009) (Cohn, J.) (holding that a third-party did have standing to challenge a foreclosure on the basis of predatory lending because the third party did not have standing to challenge the mortgage as he was not a party to it).

Moreover, while plaintiff asserted during the state court eviction proceedings that he is the personal representative of his parents' estate, he never produced any evidence that he held such a position. Part of the duties of the personal representative is to "[p]rosecute or defend a claim or proceeding in any jurisdiction for the protection of the estate and of the personal representative in the performance of the personal representative's duties." M.C.L. § 700.3715(x). Here, however, there is no evidence that plaintiff is the personal representative for his parents' estate and he therefore cannot acquire standing on that basis.

In addition to claiming to be the personal representative of his parents' estate, plaintiff also claims that he became the owner of the property in question after his parents' death. However, as with his other claims, plaintiff presents no evidence supporting such a claim. As noted by defendants, despite numerous opportunities to do so in state court, plaintiff never provided evidence demonstrating that his parents' estate was ever probated, his parents had a will, or the property was ever conveyed to him.

Given the lack of evidence noted above, plaintiff has failed to demonstrate that he has standing to bring his claims in this case. Accordingly, his claims should be dismissed and this case closed.

**B. State Court Judgment**

While there was no judgment in the eviction proceedings at the time plaintiff filed this complaint, the state court subsequently issued a judgment of possession and evicted plaintiff from the property. (Judgment of Possession issued by State of Michigan 45B Judicial District, August 16, 2010; attached as Exhibit 3 to Defendants' Reply Brief) The "disposition of an ongoing federal action (that was filed before the entry of judgment in a parallel state court case) is governed by preclusion law once a parallel state court adjudication is complete, as it is here." Gilbert v. Ferry, 413 F.3d 578, 579 (6th Cir. 2005) (citing Exxon Mobil Corporation v. Saudi Basic Industries Corporation, 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). Therefore, given the state court judgment in this case, plaintiff's complaint is governed by preclusion law and should be dismissed pursuant to the doctrines of *res judicata* or collateral estoppel.

As noted by the United States Supreme Court, the "Full Faith and Credit Act ... requires the federal court to 'give the same preclusive effect to a state-court judgment as another court of that State would give.'" Exxon, 125 S.Ct. at 1527 (quoting Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)). Accordingly, this court must look to Michigan law to determine whether Michigan courts would give the state court judgment in this case preclusive effect.

With respect to the doctrine of *res judicata*, this court would note that the state of Michigan employs a "broad view of res judicata," In re MCI Telecommunications Complaint, 460 Mich. 396, 431, 596 N.W.2d 164, 183 (1999), that " 'bars a second, subsequent action when

(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first, " Abbott, 474 F.3d at 331 (quoting Adair v. State, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (Mich. 2004)). "Res judicata bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." Buck v. Thomas M. Cooley Law School, 597 F.3d 812, 817 (6th Cir. 2010) (internal quotation omitted). "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time*, *space*, *origin or motivation*, [and] whether they form a convenient trial unit." Adair, 470 Mich. at 125, 680 N.W.2d at 398 (internal quotations omitted; emphasis and alteration in original). The burden of proving *res judicata* is on the party asserting it. Buck, 597 F.3d at 817.

In this case, the three requirements for *res judicata* are satisfied. On August 16, 2010, a state district court entered a final Judgment of Possession in favor of defendant Fannie Mae on the merits after conducting eviction proceedings. (Judgment of Possession issued by State of Michigan 45B Judicial District, August 16, 2010; attached as Exhibit 3 to Defendants' Reply Brief)  Both plaintiff and defendant Fannie Mae were parties to the eviction proceedings and this case. Morever, as noted by defendants, the issues plaintiff now raises in this case regarding the propriety of the foreclosure and the sale of the property in question were decided by the state district court when it held that Fannie Mae has the right to possess the property and to evict plaintiff. Similarly, the state district court expressly rejected plaintiff's claims of being the personal representative of his parents' estate and being the new owner of the property. To the

extent the state district court did not rule on any specific claims raised by plaintiff here, those claims could have been raised in the state district court. Accordingly, the requirements for *res judicata* have also been met and plaintiff's complaint can also be dismissed on that basis.

Similarly, the doctrine of collateral estoppel, also known as issue preclusion, provides that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). The Michigan Supreme Court has held that, "for collateral estoppel to apply three elements must be satisfied: (1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue;' and (3) 'there must be mutuality of estoppel.'" Monat v. State Farm Ins. Co., 469 Mich. 679, 681, 677 N.W.2d 843 (2004) (quoting Storey v. Meijer, Inc., 431 Mich. 368, 373 n. 3, 429 N.W.2d 169 (1988)) (alteration in original and footnote omitted).

As to the mutuality requirement, the Monat court held that mutuality was not required when collateral estoppel was being used defensively. 469 Mich. at 691 ("[W]e believe that the lack of mutuality of estoppel should not preclude the use of collateral estoppel when it is asserted defensively to prevent a party from relitigating an issue that such party has already had a full and fair opportunity to litigate in a prior suit."). Because the defendants are using defensive collateral estoppel in this case, mutuality is not required.

Moreover, the other two requirements for collateral estoppel have been met in this case. First, the issues regarding plaintiff's standing and interest in the property were actually litigated and determined by a valid and final judgment. As discussed above, while plaintiff repeatedly claimed in state court that he was the personal representative of his parents' estate and the owner of the property following their death, he never submitted any evidence in support of those claims and he assertions were rejected by the state district court. "When an issue is properly raised, ... submitted for determination, and is determined, the issue is actually litigated ...." Gilbert, 413 F.3d at 581 (quoting Restatement (Second) of Judgments § 27 cmt. d (1982). Here, the parties in the eviction proceeding, including plaintiff, raised and actually litigated the issue of his interest in the property prior to the state district court ruling against plaintiff on that issue. Second, given the eviction proceedings in this case, it is clear plaintiff had a full and fair opportunity to litigate the issues regarding his standing and interest in the property.

## V. Conclusion

For the reasons discussed above, the court recommends that defendants' motion to dismiss be **GRANTED** and that this case be closed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.


S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: September 29, 2010

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 29, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan