UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ATHEER GEORGE SESI,

       Plaintiff,                     CIVIL ACTION NO. 10-12966

     v.                                DISTRICT JUDGE DAVID M. LAWSON

FEDERAL NATIONAL MORTGAGE     MAGISTRATE JUDGE VIRGINIA M. MORGAN
ASSOCIATION, CHASE HOME
FINANCE LLC, and CHASE
MANHATTAN MORTGAGE CORPORATION,

       Defendants.
_____/

## REPORT AND RECOMMENDATION TO
## DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (D/E #7)

### I. Introduction

      This matter comes before the court on plaintiff's motion for a temporary restraining order (D/E #7). Defendants filed a response in opposition to that motion (D/E #10) and a hearing was held on September 10, 2010. However, plaintiff did not appear at the hearing or contact the court in any other manner. For the reasons stated below, this court recommends that plaintiff's motion for temporary restraining order be **DENIED**.

### II. Background

      Plaintiff originally filed this action against defendants in state court. (Summons and Verified Complaint; attached as Exhibit 1 to Defendants' Notice of Removal). It appears that

-1-

plaintiff resides in the home of his deceased parents. The property was subject to a mortgage which had a balance remaining at the time his parents died. Plaintiff was not a party to the mortgage. After his parents' death, foreclosure proceedings were undertaken. In his complaint, plaintiff alleges that he is the owner of property at 24741 Seneca Street, Oak Park, Michigan 48237, and defendants are unlawfully trying to evict him from that property. Specifically, plaintiff appears to allege that (1) defendants do not have standing under Michigan law to bring foreclosure proceedings against plaintiff; (2) a missing statement in violation of 15 U.S.C. § 1639; (3) a missing disclosure statement in violation of 15 U.S.C. § 1638; (4) a missing disclosure in violation of 12 C.F.R. § 226; (5) deceptive grouping in violation of 12 C.F.R. § 226.17(a); (6) missing consumer statements in violation of 12 C.F.R. § 226.18; (7) defendants failed to disclose calculation of mortgage balance pursuant to 2 C.F.R. § 226.4; (8) defendants failed to disclose date in violation of 12 C.F.R. § 226.18; (9) defendants failed to obtain signed documents in violation of 15 U.S.C. §1601 T Seq and Title 12, Regulation Z, Part 226 *et seq*; (10) defendants failed to disclose use of settlement fees in violation of Title 12 Regulation Z and 15 U.S.C. §1601 *et seq*; (11) defendants' failed to give proper notice of default and right to cure and acceleration notice in violation of 12 U.S.C. § 2601 *et seq*, 15 U.S.C. § 1604 *et seq* and Title 12 C.F.R. § 226.18; and (12) an improper mortgage foreclosure. Plaintiff seeks injunctive relief.

On July 27, 2010, defendants removed it to federal court on the basis of both federal question and diversity jurisdiction (D/E #1).

On August 3, 2010, defendants filed a motion to dismiss (D/E #4). In that motion, defendants argue that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)

because plaintiff lacked standing to bring his claims as he was not a party to the mortgage in question. Defendants also asserted that plaintiff was not a real party in interest.

Plaintiff filed a response in opposition to defendants' motion (D/E #6). In that response, plaintiff argues that he has standing and is a real party in interest because he became the owner of the property in question after his parents' death.

Defendants filed a reply to plaintiff's response (D/E #11). In that reply brief, defendants again argue that plaintiff lacks standing to bring his claims and that he is not a real party in interest. Additionally, defendants assert a state court has already issued a judgment denying plaintiff's claims and, consequently, plaintiff's claims are barred in this court pursuant to the doctrines of *res judicata* and collateral estoppel.

In addition to his response to defendants' motion to dismiss, plaintiff also filed a motion for temporary restraining order on August 26, 2010 (D/E #7). In that motion, plaintiff argues that a temporary restraining order is necessary because he will suffer irreparable harm if defendants are allowed to evict plaintiff from his property.

On September 8, 2010, defendants filed a response in opposition to plaintiff's motion for temporary restraining order (D/E #10). In that response, defendant argue that plaintiff's motion should be denied because he has failed to satisfy the four factors required to obtain injunctive relief. According to defendants, plaintiff cannot establish that he is likely to succeed on the merits in this case because he cannot establish that he has any valid interest in the subject property, he lacks standing to bring his claims, and this complaint constitutes an improper collateral attack on a state court judgment.

### III. Discussion

Plaintiff makes his motion for a temporary restraining order pursuant to Fed. R. Civ. P. 65. Fed. R. Civ. P. 65 provides:

> (a) Preliminary Injunction.
>
> (1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.
>
> (2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.
>
> (b) Temporary Restraining Order.
>
> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
>
> (2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 10 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the

adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) Motion to Dissolve. On 2 days' notice to the party who obtained the order without notice--or on shorter notice set by the court--the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) Contents and Scope of Every Injunction and Restraining Order.

(1) Contents. Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

(C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

(2) Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise:

(A) the parties;

(B) the parties' officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

(e) Other Laws Not Modified. These rules do not modify the following:

(1) any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee;

(2) 28 U.S.C. § 2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader; or

(3) 28 U.S.C. § 2284, which relates to actions that must be heard and decided by a three-judge district court.

(f) Copyright Impoundment. This rule applies to copyright-impoundment proceedings.

A court considers the same factors in determining whether to issue a temporary restraining order or preliminary injunction. See Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. Brunner, 543 F.3d at 361 (quoting Northeast Ohio Coalition for the Homeless v. Blackwell, 467 F.3d 999, 1009 (6th Cir. 2006). See also Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). The factors are not prerequisites, but are factors that are to be balanced against each other. United Food &

Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth., 163 F.3d 341, 347 (6th Cir. 1998) (citation omitted). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet, 305 F.3d at 573, citing Leary, 228 F.3d at 739.

In this case, the above factors weigh in favor of denying plaintiff's motion. Most importantly, plaintiff has not shown a strong likelihood of success on the merits and, as discussed in the report and recommendation addressing defendants' motion to dismiss, his complaint should be dismissed. The grounds for dismissing plaintiff's complaint include plaintiff's lack of standing, collateral estoppel, and *res judicata.* The factors described above are not prerequisites and are to be balanced against each other. United Food & Commercial Workers Union, Local 1099, 163 F.3d at 347. Here, given the clear grounds for dismissal, the relevant factors weigh against plaintiff and plaintiff's motion for a temporary restraining order should be denied.

## IV. Conclusion

For the reasons discussed above, the court recommends that plaintiff's motion for temporary restraining order be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.


S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: September 29, 2010

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 29, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan