UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATHEER GEORGE SESI,

                        Plaintiff,                    Case Number 10-12966
v.                                                    Honorable David M. Lawson
                                                      Magistrate Judge Virginia M. Morgan

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, CHASE HOME FINANCE
LLC, and CHASE MANHATTAN MORTGAGE
CORPORATION,

                        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, AND DISMISSING CASE

The matter is before the Court on objections to reports filed by Magistrate Judge Virginia M. Morgan recommending that the defendants' motion to dismiss be granted and the plaintiff's motion for a temporary restraining order be denied. The plaintiff filed a *pro se* complaint against the defendants alleging violations of federal law in the underwriting, processing, and servicing of the mortgage, and failure to provide notice of foreclosure on his parents' house before conducting a foreclosure sale. The Court entered an order referring the case to the magistrate judge to conduct all pretrial matters. Thereafter, the plaintiff filed a motion for a temporary restraining order and the defendants filed their motion to dismiss, arguing that the plaintiff's claims are barred by a prior state court judgment in an eviction proceeding and the plaintiff lacks standing to bring their claims. The magistrate judge recommended that the Court grant the motion to dismiss and deny the motion for a restraining order. The plaintiff timely filed objections to both reports and the matter is before the Court for *de novo* review. The Court finds that the magistrate judge's conclusions are correct. Therefore, the Court will overrule the objections, adopt the report and recommendation, grant the

defendants' motion to dismiss, deny the motion for a temporary restraining order, and dismiss the complaint.

I.

The mortgage that is the subject of the lawsuit was conveyed by the plaintiff's parents, George and Hayat Sesi, who are now deceased. The plaintiff was not a party to the loan or mortgage transaction, and he has not established that he has a legal interest in the property or authority to speak as his parents' representative, although apparently he has been living in his parents' home since their death and has made mortgage payments and improvements to the property. Because of the plaintiff's failure to produce letters of authority from any probate court concerning his parents' estate, a will, a deed, or any other documentation that the plaintiff succeeded to the ownership of the house, a state district court determined that the plaintiff had no standing to contest eviction proceedings brought by defendant Federal National Mortgage Association (Fannie Mae). The magistrate judge suggested that the state court's determination has preclusive effect here. And because that holding makes the plaintiff a stranger to the mortgage transaction and to the property in general, he has no standing in this Court to raise his several claims attacking the validity of the foreclosure by publication proceedings.

According to the complaint and the documents referenced therein, on February 5, 2003, the plaintiff's parents, George and Hayat Sesi, executed a note with the defendant Chase Manhattan Mortgage Corporation (now Chase Home Finance, LLC) for $138,000 plus interest, payable in full not later than March 1, 2033. The note was secured with a mortgage on the Sesis' home, which included a power of sale and an acceleration clause. Chase recorded the mortgage with the Oakland

County Register of Deeds on April 11, 2003.  The plaintiff is not listed as a borrower on either the note or the mortgage.

George and Hayat Sesi passed away on January 13, 2007 and March 5, 2008, respectively. At or around this time, the plaintiff moved into his parents' home and began making mortgage payments.  By September 2010, the plaintiff says that he had resided in the home for approximately two years, and made several payments to the defendants, as well as extensive improvements to the property.  The plaintiff alleges that following his parents' death, the property in question was probated via a will, he became the rightful owner of the property by being "placed on the deed to the property . . . prior to his parents' death", and the deed he acquired through probate of the will was recorded with the Oakland County Register of Deeds.  Pl.'s Resp. to Defs.' Mot. to Dismiss at 1; Pl.'s Obj. to Rep. & Rec. to Grant Defs.' Mot. to Dismiss at 2.  However, the plaintiff has not presented an estate, a will, or any letters of authority establishing that he is the personal representative for his parents or otherwise has a legal interest in the property.

At some time after his mother's death (the record contains no specific date), the plaintiff stopped making mortgage payments, allegedly due to economic hardship.  In response, defendant Chase says it posted a notice of foreclosure on the premises on October 9, 2009, stating that a foreclosure sale would occur on November 3, 2009 if the plaintiff did not cure the default.  Chase recorded the notice with the Oakland County Register of Deeds on October 12, 2009, and also printed a similar notice in the *Oakland County Legal News* on October 6, 13, 20, and 27, 2009. Despite that record, the plaintiff alleges that the "defendant never posted notice of a mortgage default or [sic] foreclosure on the mortgaged premises."  Compl. ¶ 70.

At the time the defendants posted notice, the total mortgage balance was $133,688.43. When the default was not cured within the time allowed, Chase conducted a foreclosure sale on December 8, 2009. As the highest bidder, defendant Fannie Mae acquired the property for $136,340.85. The Sheriff executed the Sheriff's Deed following the sale and recorded it with the Oakland County Register of Deeds on December 9, 2009. The plaintiff has acknowledged that even if he at one time did hold title to the property, that title was lost upon completion of the Sheriff's sale.

The Sheriff's Deed became effective after the expiration of the six month redemption period on June 8, 2010. The plaintiff failed to redeem during the redemption period, and on June 28, 2010, the defendant Fannie Mae initiated eviction proceedings in Michigan's 45-B District Court in Oak Park, Michigan. That proceeding was delayed twice while the plaintiff attempted to obtain a stay in the Oakland County Circuit Court and procure documentation that established him as the personal representative of his deceased parents' estate.

Despite his efforts, during the eviction proceeding on August 16, 2010, the plaintiff admitted he could not produce a letter of authority verifying him as the personal representative of the estate. The plaintiff also has not been able to produce any documentation establishing that a probate estate was ever opened in the Oakland County Probate Court. The state court determined that because the plaintiff could not establish himself as the personal representative of the estate, and because he is not an attorney, he could not represent his parents, the borrowers on the mortgage. As a result, the court found that Fannie Mae had a right to possession and ordered the plaintiff to vacate the premises by August 31, 2010.

Before resolution of the eviction proceedings, the plaintiff filed the present case in Oakland County Circuit Court on July 14, 2010, alleging violations of federal law in the underwriting,

processing, and servicing of the mortgage, and failure to provide notice of foreclosure on his parents' house before conducting a foreclosure sale.  The defendants removed the case to this Court on July 27, 2010 on grounds of diversity and federal question jurisdiction.

As mentioned above, the Court referred the case to Magistrate Judge Morgan to conduct all pretrial proceedings.  On August 3, 2010, the defendants filed a motion to dismiss under Rule 12(b)(1) on the grounds that the plaintiff lacks standing to bring claims against the defendants as he is neither the mortgagor nor a party to the subject loan, and he does not have an interest in the subject property.  The plaintiff filed a response on August 26, 2010, and on September 9, 2010, the defendants filed a reply.

The plaintiff filed a motion for a temporary restraining order on August 26, 2010 to "prevent[ ] any of the [d]efendants from evicting Plaintiff from the residence and taking possession of the property prior to a ruling by this court as to the ownership rights of the parties." The defendants filed a response on September 8, 2010, arguing the motion should be denied because the plaintiff lacked standing and the issue of possession was already resolved by the state court.  A hearing was scheduled for the motion on September 10, 2010, but the plaintiff failed to appear or contact the court.

On September 29, 2010, Magistrate Judge Morgan issued a report recommending that the Court grant the defendants' motion to dismiss on the grounds that the plaintiff lacks standing, and the suit constitutes an improper collateral attack on the state court judgment, which is barred by preclusion doctrines.  In a second report, the magistrate judge recommended the plaintiff's motion for a temporary restraining order be denied because the determinative factors for granting or denying a temporary restraining order weighed heavily against him.

The plaintiff objects to the magistrate judge's decision to grant the defendants' motion to dismiss on the grounds that he is a "real party at issue in this case." Pl.'s Obj. to Rep. & Rec. to Grant Defs.' Mot. to Dismiss at 2. The plaintiff bases this claim on the fact that he was "placed on the deed to the property in this matter prior to his parents' death" and he "made mortgage payments to Defendants with their knowledge." *Ibid.* The plaintiff also alleges that defendant Chase acknowledged it acted improperly in the foreclosure process and instituted a moratorium on foreclosures in all 50 states. The plaintiff did not provide any evidence to support these claims or any other details regarding his objections.

## II.

Objections to a report and recommendation are reviewed *de novo.* 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

"[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections," *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004), and releases the Court from its duty to independently review the motion, *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

A *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and is held to "less stringent standards" than a complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and such complaints still must plead facts sufficient to show a redressable legal wrong has been committed, Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).  To plead a case under the current regime, a plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'"  *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).  "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Ibid.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).

There are two types of challenges to subject matter jurisdiction that can be raised by a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1): facial attacks or factual attacks.  *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  In a facial attack on the subject matter jurisdiction, the district court accepts the parties' allegations as true, similar to the standard employed in motions under Rule 12(b)(6).  *Ibid.*  In factual attacks, on the other hand, the court does not defer to the parties' allegations in the pleadings, but weighs conflicting evidence (including affidavits, documents, and jurisdiction-related evidentiary hearings) to decide whether jurisdiction exists.  *Ibid.* (citing *Ohio Nat'l Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).  The present motion attacks the claim of jurisdiction based on the facts.

The defendants' motion to dismiss alleges a lack of subject matter jurisdiction because the plaintiff has no standing.  The magistrate judge agreed with that argument because the state court's

determination that the plaintiff was neither the personal representative of his parents' estate nor a successor in interest to the real estate rendered him a stranger to both the mortgage transaction and the land itself. The plaintiff's objections do not address the preclusive effect of the state court's orders. He merely insists that he is the owner of the property because he was "placed on the deed" before his parents died, and he made mortgage payments. Once again, however, there are no facts pleaded and no documentation furnished that lend even a whiff of credence to that claim. Under Michigan law, "to be effective to prove the transfer of property, or to nominate a personal representative, a will must be declared valid by a register's order of informal probate or by a court's adjudication of probate." Mich. Comp. Laws § 700.3102. The plaintiff has not produced any evidence to show there is a valid will or that he has a deed to the property.

Absent standing, the plaintiff cannot proceed with his claims in this Court. Federal courts are courts of limited jurisdiction and are empowered to adjudicate only "cases" and "controversies." U.S. Const. art. III, § 2. "To establish Article III standing, a litigant must show (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury will likely be redressed by a favorable decision." *Barnes v. City of Cincinnati*, 401 F.3d 729, 739 (6th Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

The plaintiff's alleged injury in fact must implicate a legally protected interest. *See Lujan*, 504 U.S. at 560; *see also White v. United States*, 601 F.3d 545, 552 (6th Cir. 2010). Economic or property losses are sufficient to constitute injuries in fact. *White*, 601 F.3d at 552. The injury must be "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted). "[A] plaintiff is not entitled to injunctive or declaratory relief '[a]bsent a sufficient likelihood that he will again be wronged in a similar way,' *City of Los Angeles v. Lyons*,

461 U.S. 95, 111 (1983), unless the plaintiff is subject to 'continuing, present adverse effects,'

*O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)." *Schultz v. United States*, 529 F.3d 343, 349 (6th Cir.

2008); *see also Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006).

> In addition, there are
>
> several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.

*Allen v. Wright*, 468 U.S. 737, 751 (1984).

"'[A] plaintiff must demonstrate standing separately for each form of relief sought.'"

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (quoting *Friends of the Earth, Inc. v.*

*Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)); *see also Johnson v. Turner*, 125 F.3d

324, 338 (6th Cir. 1997). Each element "'must be supported in the same way as any other matter

on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence

required at the successive stages of the litigation.'" *Fednav, Ltd. v. Chester*, 547 F.3d 607, 614 (6th

Cir. 2008) (quoting *Lujan*, 504 U.S. at 561); *see also White*, 601 F.3d at 551-52. Where the

plaintiff's suit is dismissed at the pleading stage, the Court "'must accept as true all material

[factual] allegations of the complaint,'" *White*, 601 F.3d at 551 (quoting *Warth v. Seldin*, 422 U.S.

490, 501 (1975)), and construe the complaint liberally in favor of the plaintiff, *see United States v.*

*Salti*, 579 F.3d 656, 667 n.11 (6th Cir. 2009) (citing *Warth*, 422 U.S. at 501). General factual

allegations of injury may suffice to demonstrate standing, "for on a motion to dismiss we presum[e]

that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*,

504 U.S. at 561 (internal quotation marks omitted). However, "standing cannot be inferred . . . from

-9-

averments in the pleadings, but rather must affirmatively appear in the record." *Spencer v. Kemna*, 523 U.S. 1, 10-11 (1998) (internal quotation marks omitted). Therefore "naked assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft*, 129 S. Ct. at 1949 (internal quotation marks omitted). The burden is on the party invoking federal jurisdiction to demonstrate Article III standing. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008).

As mentioned, the state court determined that the plaintiff did not establish that he had a legal interest in the residential property. The magistrate judge correctly concluded that the state court's determination must be honored by this Court, and this Court is bound by it. *See* 28 U.S.C. § 1738. "Section 28 U.S.C. § 1738 generally requires 'federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Haring v. Prosise*, 462 U.S. 306, 313 (1983) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)); *see also Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

Application of this statute depends on the state's laws of issue preclusion and claim preclusion (although the Michigan Supreme Court "generally uses the terms 'res judicata' and 'collateral estoppel' rather than the phrases 'claim preclusion' and 'issue preclusion.'" *J.A.M. Corp. v. AARO Disposal, Inc.*, 461 Mich. 161, 168 n.7, 600 N.W.2d 617, 620 n.7 (1999)). Under Michigan law, "[a] second action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Dart v. Dart*, 460 Mich. 573, 586, 597 N.W.2d 82, 88 (1999); *see also Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic*, 990 F.2d 256, 257-58 (6th Cir.

-10-

1993).  As the magistrate judge observed, all of those elements are satisfied by the state court's orders.

Because the plaintiff cannot establish that he has an interest in the property that was the subject of foreclosure, nor did he have the authority to speak as a representative of his deceased parents' estate, he cannot show that he himself suffered an injury in fact; nor can he show that he is attempting to enforce his *own* legal rights or that his complaint falls within the zone of interests protected by the law he has invoked.

Because the plaintiff has no standing, he cannot demonstrate a likelihood of success on the merits of his case.  Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions.  A court considers "the same factors considered in determining whether to issue a TRO or preliminary injunction."  *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).  Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether he would otherwise suffer irreparable injury; (3) whether a preliminary injunction would cause substantial harm to others; and (4) would the public interest would be served by the preliminary injunction.  *Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011) (quoting *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007)).  "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."  *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)).  The plaintiff has not established a right to any injunctive relief.

III.

The plaintiff has not provided sufficient reason to dispute the correctness of the magistrate judge's conclusions.  After *de novo* review, the Court reaches those same conclusions.

Accordingly, it is **ORDERED** that the magistrate judge's reports and recommendations [dkt. #12, 13] are **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the reports and recommendations [dkt. #15] are **OVERRULED**.

It is further **ORDERED** that the defendants' motion to dismiss [dkt. #4] is **GRANTED**.

It is further **ORDERED** that the plaintiff's motion for a temporary restraining order [dkt. #7] is **DENIED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 12, 2012

<table>
<tr><td align="center"><u>**PROOF OF SERVICE**</u><br><br>The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 12, 2012.<br><br>s/Deborah R. Tofil<br>DEBORAH R. TOFIL</td></tr>
</table>